1  Charles F. Schill (*pro hac vice* application forthcoming)
   cschill@steptoe.com
2  Steptoe & Johnson LLP
3  1330 Connecticut Avenue, NW
   Washington, DC 20036
4  Telephone: (202) 429-3000
   Facsimile: (202) 429-3902
5  Dylan Ruga (SBN 235969)
6  druga@steptoe.com
   Steptoe & Johnson LLP
7  2121 Avenue of the Stars, Suite 2800
   Los Angeles, California 90067
8  Telephone: (310) 734-3200
   Facsimile: (310) 734-3229
9
10 Attorneys for Applicant
   SAMSUNG ELECTRONICS CO., LTD.
11

**FILED**

**JAN -9 2012**

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

12          **UNITED STATES DISTRICT COURT**

13          **SOUTHERN DISTRICT OF CALIFORNIA**



**12CV0080 JAH RBB**

14

15 *In re* Ex Parte Application of            Civil Action No. _____

16 SAMSUNG ELECTRONICS CO.,
   LTD.
17                                          **EX PARTE APPLICATION FOR**
   Applicant,                               **AN ORDER PURSUANT TO 28**
18                                          **U.S.C. § 1782 GRANTING LEAVE**
                                            **TO OBTAIN DISCOVERY FOR**
19          For an Order Pursuant to        **USE IN FOREIGN PROCEEDINGS;**
            28 U.S.C. § 1782 Granting       **MEMORANDUM OF POINTS AND**
20          Leave to Obtain Discovery       **AUTHORITIES IN SUPPORT**
            from Qualcomm Inc. for          **THEREOF**
21          Use in Foreign
            Proceedings.                    [Request for Judicial Notice and
22                                          Declaration of Dylan Ruga filed, and
23                                          [Proposed] Order lodged, concurrently
                                            herewith]
24

25

26

27

28

SAMSUNG'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Doc. # CC-257843 v.1

## MEMORANDUM OF POINTS AND AUTHORITIES

This is the second application brought under 28 U.S.C. § 1782 for leave to obtain certain documents from Qualcomm Inc. ("Qualcomm") for use in foreign litigations between Apple[1] and Samsung Electronics Co., Ltd. ("Samsung") (the "Apple/Samsung Litigation"). The first application, which was filed by Apple on October 5, 2011, was granted on October 13, 2011 ("Apple's 1782 Application"). Request for Judicial Notice ("RJN"), Ex. A.

The instant application is brought by Samsung, which requests the same opportunity to obtain from Qualcomm documents that are highly relevant to Samsung's claims and defenses in the Apple/Samsung Litigation.

## I.    INTRODUCTION

The Apple/Samsung Litigation currently is pending in eight countries around the world, not including the United States. The primary issue in those proceedings is whether Apple's products infringe patents held by Samsung and, if so, whether Apple has any valid defenses to infringement. Under 28 U.S.C. § 1782, interested parties, such as Samsung, may obtain discovery for use in foreign litigations from companies located within the United States.

Here, Samsung seeks from Qualcomm its supply agreements for chipsets[2] that were manufactured by Qualcomm and incorporated into the Apple iPhone 4S, as well as correspondence between Qualcomm and Apple related to the supply of those chipsets. These documents are highly relevant to the Apple/Samsung Litigation because Apple has taken the position that it is a "Qualcomm Customer," as that term is defined in certain license agreements between Samsung and Qualcomm, and thus is entitled to use the chipsets at issue. For Apple to be a

---

[1] "Apple" means Apple Inc.; Apple GmbH; Apple Retail Germany GmbH; Apple, Japan Inc.; Apple Sales International; Apple Holding B.V.; Apple Benelux B.V.; Apple Netherlands B.V.; Apple Retail Netherlands B.V.; Apple Korea Ltd.; Apple France; Apple Retail France; Apple Italia s.r.l.; Apple Retail UK Limited; and Apple Pty Limited.
[2] A chipset is a group of integrated circuits that are designed to work together.

1

1   Qualcomm Customer under the 2004 Samsung/Qualcomm license agreement,
2   however, Apple must have purchased the chipsets at issue from Qualcomm and
3   integrated them into the devices it sells to the public.[3]  Thus, the chain of
4   distribution from Qualcomm to Apple is a central issue in the Apple/Samsung
5   Litigation.

6        Samsung's application should be granted for the same reasons that Apple's
7   1782 Application was granted.  Specifically, section 1782's three statutory
8   requirements are satisfied because: (1) this application is filed in "the district in
9   which [Qualcomm] resides," (2) Samsung seeks the discovery "for use in a
10  proceeding in a foreign . . . tribunal," and (3) Samsung, as a party to those foreign
11  proceedings, qualifies as an "interested person" for purposes of 1782.

12       Furthermore, each of the factors identified by the Supreme Court in *Intel*
13  *Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), which are used to
14  guide courts' discretion in analyzing applications under section 1782, militate in
15  favor of granting Samsung's request.  *First*, Qualcomm is not a participant in the
16  foreign proceedings.  *Second*, the foreign jurisdictions at issue are receptive to the
17  type of discovery sought by Samsung, the discovery provides key information for
18  the foreign proceedings, and the request is not made to circumvent any limitation
19  on discovery imposed by the foreign courts.  *Third*, Samsung's request is not an
20  attempt to circumvent foreign proof-gathering restrictions or other policies
21  regarding discovery.  *Finally*, Samsung's request is not unduly intrusive or
22  burdensome; to the contrary, it is narrowly tailored and seeks only highly-relevant
23  documents necessary to the Apple/Samsung Litigation.

24       For each of these reasons, and particularly because identical relief previously
25  was granted to Apple, Samsung respectfully requests that the Court grant the
26
27
28

---

[3] Although the definition of "Qualcomm Customer" changed in a 2009 Samsung/Qualcomm license agreement, the parties dispute whether the 2009 definition replaces the definition contained in the 2004 license agreement.

2

1  instant application and allow Samsung to serve a subpoena for the documents

2  described in paragraph 7 of, and attached as Exhibit 2 to, the Declaration of Dylan

3  Ruga filed concurrently herewith.

4  **II.    FACTUAL BACKGROUND**

5       The Apple/Samsung Litigation currently is comprised of the following cases

6  pending in the following foreign jurisdictions:

7  - Case Nos. 7 O 166/11, 7 O 325/11 and 7 O 326/11, pending in the
8      Mannheim Regional Court, Mannheim, Germany (the "German
9      Actions");

10  - Case Nos. 2011 (Yo) 22027 and 2011 (Yo) 22028, pending in the Tokyo
11      District Court, Tokyo, Japan (the "Japanese Actions");

12  - Case Nos. VRO 2011/2213, VRO 2011/2215 and VRO 2011/2212,
13      pending in the District Court of The Hague (the "Dutch Actions");

14  - Case No. 2011Gahap39552, pending in the Seoul Central District Court,
15      Seoul, South Korea ("the Korean Actions");

16  - Case Nos. 11/10464 and 11/A9713, pending in the Paris Civil Court,
17      Paris, France[4] (the "French Actions");

18  - Case Nos. 45629-1/11 and 59734/11, pending in the Court of Milan – IP
19      Chamber, Milan, Italy (the "Italian Action");

20  - Case No. HC 11 C 02180, pending in the High Court of Justice,
21      Chancery Division, Patents Court, London, United Kingdom (the "British
22      Action"); and

23  - Case No. (P) NSD 1243 of 2011, pending in the Federal Court of
24      Australia, New South Wales, General Division (the "Australian Action").

25  Declaration of Dylan Ruga ("Ruga Decl."), ¶ 3.

26

27

28

---

[4] A judgment was issued in Case No. 11/A9713 on December 8, 2011, but the period of time to lodge an appeal has not expired.

SAMSUNG'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Doc. # CC-257843 v.1

1    In each of the foregoing foreign proceedings, Samsung alleges that Apple

2  has infringed certain patents that relate to technology embodied in chipsets used in

3  Apple's iPhones and iPads.  As explained above, one of Apple's primary defenses

4  is that it is entitled to use the chipsets at issue because it is a "Qualcomm

5  Customer" as that term is defined in certain license agreements between Samsung

6  and Qualcomm.  Resolution of this issue likely will depend, in large part, on

7  whether Apple purchased the chipsets at issue directly from Qualcomm and

8  integrated them into its consumer devices or, alternatively, whether Apple received

9  consumer devices from an intermediary that received the chipsets from Qualcomm

10  and integrated them into Apple's consumer devices.

11  **III.    LEGAL STANDARD**

12    28 U.S.C. § 1782 provides, in relevant part, as follows:

13
14
15
16
17

> The district court of the district in which a person resides or is
> found may order him to give his testimony or statement or to
> produce a document or other thing for use in a proceeding in a
> foreign or international tribunal . . . .  The order may be made . .
> . upon the application of any interested person and may direct
> that the testimony or statement be given, or the document or
> other thing be produced, before a person appointed by the court.

18
19  There are three statutory requirements, and four discretionary factors, for a

court to evaluate when determining whether to grant relief under 28 U.S.C. § 1782.

20  The statutory requirements are satisfied where: "(1) the person from whom

21  discovery is sought resides or is found in the district of the district court to which

22  the application is made. (2) the discovery is for use in a foreign tribunal, and (3)

23  the application is made by a foreign or international tribunal or any interested

24  person." *In re the Republic of Ecuador*, 2011 WL 4434816, at *2 (N.D. Cal. Sept.

25  23, 2011).

26    The four discretionary factors are: "(1) whether the person from whom

27  discovery is sought is a participant in the foreign proceedings; (2) the nature and

28  character of the foreign proceedings and whether they will be receptive to the

1  court's assistance; (3) whether the discovery is an attempt to circumvent foreign
2  proof-gathering restrictions; and (4) whether the discovery will be unduly intrusive
3  or burdensome." *Id.*; *Intel*, 542 U.S. at 264-65.

4  **IV.   DISCUSSION**

5     A.    **Each of Section 1782's Statutory Requirements is Satisfied**

6          This Court previously found that Apple's 1782 Application satisfied each of
7  the three statutory requirements. RJN, Ex. A. For the same reasons, there cannot
8  be any serious dispute that Samsung's application also satisfies these requirements.

9          First, the person from whom discovery is sought—Qualcomm—"resides or
10  is found" in this District because Qualcomm's principal place of business is at
11  5775 Morehouse Drive, San Diego, California, which is located within this judicial
12  district. Ruga Decl., ¶ 4, Ex. 1.

13          Second, the discovery is for use in a foreign tribunal because it will be used
14  in the Apple/Samsung Litigation in connection with Apple's defense that it is a
15  "Qualcomm Customer" as that term is defined in certain license agreements
16  between Samsung and Qualcomm. Ruga Decl., ¶ 6. As Apple noted in Apple's
17  1782 Application, each of the cases in the Apple/Samsung Litigation is pending in
18  a foreign "tribunal" for purposes of 1782. *See, e.g., Marubeni Am. Corp. v. LBA*
19  *YK.*, 335 Fed. App'x. 95, 97-98 (2d Cir. 2009) (permitting discovery for use in
20  "Japanese District Court in Tokyo"); *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No.
21  C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1,5 (N.D. Cal. Jan. 13,2009)
22  (permitting discovery for use in patent infringement suit pending in "Dusseldorf
23  Regional Court in Germany"); *In re Qwest Commcns. Int'l Inc.*, No. 08-93, 2008
24  U.S. Dist. LEXIS 115845, at *1,8,15 (W.D.N.C. July 10,2008) (permitting
25  discovery for proceeding in "Amsterdam District Court" and noting that "courts
26  have routinely held that the courts of the Netherlands are 'tribunals' under Section
27  1782"); *In re Sveaas*, 249 F.R.D. 96, 108 (S.D.N.Y. 2008) (permitting discovery
28  for use in cases pending in "Court of Paris"); *Lancaster Factoring Co. Ltd. v.*

1  *Mangone*, 90 F.3d 38, 39-41 (2d Cir. 1996) (permitting discovery for use in

2  bankruptcy proceeding in "Court of Milan"); *In re IKB Deutsche Industriebank*

3  *AG*, No. 09-cv-7852, 2010 WL 1526070, at *2 (April 8, 2010 N.D. 111.) (venue

4  for commercial dispute in United Kingdom "qualifies as a foreign or international

5  tribunal") (internal quotation mark omitted); *Beluga Shipping GMBH v. Suzlon*

6  *Energy Ltd.*, Case No.1 0-80034 JW, 2010 U.S. Dist. LEXIS 104705, at *8 (Sept.

7  23,2010) (permitting section 1782 discovery for use in an Australian proceeding).

8          Finally, Samsung is an "interested person" for purposes of section 1782

9  because it is a named party in the Apple/Samsung Litigation. *Intel*, 542 U.S. at

10  256 ("No doubt litigants are included among . . . the 'interested person[s]' who

11  may invoke § 1782.").

12          It follows that Samsung satisfies each of the three statutory requirements for

13  an application under 28 U.S.C. § 1782.

14      **B.    Each of the Four Discretionary Factors Militates in Favor of**

15              **Granting Samsung's Application**

16          The Court previously found that each the discretionary factors weighed in

17  favor of Apple's 1782 Application.  It follows that the same conclusion should be

18  reached here but, in the interest of completeness, Samsung will address each factor

19  in turn.

20          The first factor (whether the person from whom discovery is sought is a

21  participant in the foreign proceedings) favors Samsung because it is undisputed

22  that Qualcomm is *not* a party in the Apple/Samsung Litigation.  Ruga Decl., ¶ 5.

23          The second factor (the nature and character of the foreign proceedings and

24  whether they will be receptive to the court's assistance) also favors Samsung

25  because the foreign proceedings involve claims of patent infringement.  The

26  discovery sought by Samsung, which relates to one of Apple's primary alleged

27  defenses to patent infringement, therefore is critical.  *See London v. Does,* 279 F.

28  App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery where

SAMSUNG'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Doc. # CC-257843 v.1

1  proof sought was "critical" in light of the "nature and character of the foreign
2  case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant
3  to the foreign proceedings are "presumptively discoverable" under section 1782).
4  As the Court noted in its order granting Apple's 1782 Application, the jurisdictions
5  at issue here are receptive to the use of discovery obtained through section 1782.[5]
6  RJN, Ex. A.

7       The third factor (whether the discovery is an attempt to circumvent foreign
8  proof-gathering restrictions) favors Samsung because Samsung is not aware of any
9  restrictions on proof-gathering procedures that would prohibit obtaining the
10  discovery it seeks through section 1782.  Tellingly, neither the Court nor Apple
11  identified any such restrictions in connection with Apple's 1782 Application,
12  which sought similar documents from Qualcomm to be used in the same foreign
13  tribunals.  RJN, Exs. A & B.

14       The final factor (whether the discovery will be unduly intrusive or
15  burdensome) also favors Samsung because its proposed discovery is limited in
16  scope and is intended to target only critical documents that are at the heart of the
17  parties' dispute in the Apple/Samsung Litigation.  Specifically, Samsung seeks
18  copies of Qualcomm's supply agreements with respect to the specific chipsets at
19  issue and correspondence with Apple related to those agreements.  As noted above,
20  these documents are directly relevant to one of Apple's primary alleged defenses.
21  The universe of responsive documents should be relatively small and not unduly
22  burdensome, particularly for a company with Qualcomm's resources.

---

[5] *See e.g., Heraeus Kulzer,* 633 F.3d at 597 (Germany); *Cryolife,* 2009 U.S. Dist. LEXIS 3416, at *8-9 (same); *Marubeni,* 335 Fed. App'x. at 98 (Japan); *In re Letters Rogatory from the Tokyo District Prosecutor's Office,* 16 F.3d 1016, 1020-21 (9th Cir. 1994) (same); *In re Roche Nederland B.V.,* No. 11-0017, slip op. at 1 (M.D. Tenn. May 12,2011) (Selwyn Decl. Ex. B) (Netherlands); *Qwest,* 2008 U.S. Dist. LEXIS 115845, at *12-13 (same); *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095,1097, 1101 (2d Cir. 1995) (France); *Lancaster Factoring,* 90 F.3d at 42 (Italy); *IKB Deutsche Industriebank,* 2010 WL 1526070, at *4 (United Kingdom); *In re Request for Judicial Assistance from the Seoul District Criminal Court,* 428 F. Supp. 109, 111, 114 (N.D. Cal. 1977), *aff'd,* 555 F.2d 720 (9th Cir. 1977) (South Korea); *see also In re Procter & Gamble Co.,* 334 F. Supp. 2d 1112, 1115-16 (United Kingdom, France, The Netherlands, Gennany, and Japan); *Beluga Shipping,* 2010 U.S. Dist. LEXIS 104705, at *8 (Australia).

SAMSUNG'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Doc. # CC-257843 v.1

1    In sum, each of the four discretionary factors militates in favor of granting

2    Samsung's section 1782 application.

3    **C.    The Court Should Exercise its Discretion to Grant Samsung's**

4    **Section 1782 Application Because Doing So Will Promote**

5    **Efficient Discovery**

6    Samsung is not going on a "fishing expedition," nor does it wish to harass

7    Qualcomm.  *Cf.* RJN, Ex. A (granting Apple's 1782 Application because, among

8    other things, "[t]here is nothing at this point that leads the Court to believe Apple's

9    request is a 'fishing expedition' or intended to be a vehicle for harassment.").  To

10    the contrary, Samsung seeks to streamline discovery in the Apple/Samsung

11    Litigation by requesting these highly-relevant documents only once, rather than

12    issuing duplicative requests in each of the foreign litigations.  *See Proctor &*

13    *Gamble*, 334 F. Supp.2d at 1115 (observing that it would be inefficient to require a

14    party in patent infringement actions in Germany, Japan, the Netherlands, France

15    and the United Kingdom "to seek the same discovery" in each jurisdiction).

16    Accordingly, Samsung respectfully requests that the Court exercise its discretion

17    and grant the instant application so that Samsung can obtain the requested

18    documents from Qualcomm.

19    **V.    CONCLUSION**

20    Through the instant application, Samsung seeks a narrow set of highly-

21    relevant documents that go to the heart of one of Apple's alleged defenses in the

22    Apple/Samsung Litigation.  Each of section 1782's statutory requirements is

23    satisfied, and each of the *Intel* discretionary factors strongly militates in favor of

24    granting the application.  For these reasons, and particularly because the Court

25    previously granted Apple's 1782 Application, which sought similar documents

26    ///

27    ///

28    ///

SAMSUNG'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Doc. # CC-257843 v.1

1 | from Qualcomm for use in the same Apple/Samsung Litigation, Samsung
2 | respectfully requests that the Court grant its application.
3 |
4 | Dated:  January 9, 2012                    STEPTOE & JOHNSON LLP
5 |                                            CHARLES F. SCHILL
6 |                                            DYLAN RUGA
7 |                                            By:
8 |                                                  DYLAN RUGA
9 |                                            Attorneys for Samsung Electronics Co., Ltd.

9

SAMSUNG'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Doc. # CC-257843 v.1

JS 44 (Rev. 09/11).

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**FAXED**

## I. (a) PLAINTIFFS
In re Ex Parte Application of SAMSUNG ELECTRONICS CO., LTD

**DEFENDANTS**

**FILED**

**JAN - 9 2012**

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dylan Ruga (SBN 235969), Steptoe & Johnson LLP
2121 Avenue of the Stars #2800
Los Angeles, CA 90067
Telephone: (310) 734-3200
Fax: (310) 734-3229

Attorneys *(If Known)*

**'12CV0080 JAH  RBB**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

**ORIGINAL**

| | | | |
|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28:1782    ~~28:1331 yeb~~
Brief description of cause:
Application for leave to obtain discovery    28:1338 yeb

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE 1/9/12    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # 34988    AMOUNT $46—    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____
PD 01/09/12

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                        Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.


American LegalNet, Inc.
www.FormsWorkFlow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS034188
Cashier ID: mbain
Transaction Date: 01/09/2012
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
------------------------------------
MISCELLANEOUS PAPERS
 For: SAN DIEGO LEGAL SUPPORT SVCS
 Case/Party: D-CAS-3-12-MC-000031-001
 Amount:        $46.00
------------------------------------
CHECK
 Check/Money Order Num: 107081
 Amt Tendered: $46.00
------------------------------------
Total Due:      $46.00
Total Tendered: $46.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```