Charles F. Schill (*pro hac vice* application pending)
cschill@steptoe.com
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Telephone:  (202) 429-3000
Facsimile:   (202) 429-3902

Dylan Ruga (SBN 235969)
druga@steptoe.com
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone:  (310) 734-3200
Facsimile:  (310) 734-3229

Attorneys for Applicant
SAMSUNG ELECTRONICS CO., LTD.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>SAMSUNG ELECTRONICS CO., LTD.<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Inc. for Use in Foreign Proceedings. | Case No. 3:12-cv-80-IEG-WMC<br><br>**FIRST AMENDED EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Amended Declaration of Dylan Ruga filed, and [Proposed] Order lodged, concurrently herewith] |

## MEMORANDUM OF POINTS AND AUTHORITIES

This is the second application brought under 28 U.S.C. § 1782 for leave to obtain certain documents from Qualcomm Inc. ("Qualcomm") for use in foreign litigations between Apple[1] and Samsung Electronics Co., Ltd. ("Samsung") (the "Apple/Samsung Litigation").  The first application, which was filed by Apple on October 5, 2011, was granted on October 13, 2011 ("Apple's 1782 Application"). Request for Judicial Notice ("RJN") [Dkt. No. 2], Ex. A.

The instant application is brought by Samsung, which requests the same opportunity to obtain from Qualcomm documents that are highly relevant to the claims and defenses asserted by the parties in the Apple/Samsung Litigation.

## I.  INTRODUCTION

The Apple/Samsung Litigation currently is pending in eight countries around the world, not including the United States.  The primary issue in those proceedings is whether Apple's products infringe patents held by Samsung and, if so, whether Apple has any valid defenses to infringement.  Under 28 U.S.C. § 1782, interested parties, such as Samsung, may obtain discovery for use in foreign litigations from companies located within the United States.

Here, Samsung seeks from Qualcomm two general categories of documents. First, Samsung seeks supply agreements for chipsets[2] that were manufactured by Qualcomm and incorporated into the Apple iPhone 4S, as well as correspondence between Qualcomm and Apple related to the supply of those chipsets.  These documents are highly relevant to the Apple/Samsung Litigation because Apple has taken the position that it is a "Qualcomm Customer," as that term is defined in

---

[1] "Apple" means Apple Inc.; Apple GmbH; Apple Retail Germany GmbH; Apple, Japan Inc.; Apple Sales International; Apple Holding B.V.; Apple Benelux B.V.; Apple Netherlands B.V.; Apple Retail Netherlands B.V.; Apple Korea Ltd.; Apple France; Apple Retail France; Apple Italia s.r.l.; Apple Retail UK Limited; and Apple Pty Limited.

[2] A chipset is a group of integrated circuits that are designed to work together.

certain license agreements between Samsung and Qualcomm, and thus is entitled to use the chipsets at issue.  For Apple to be a Qualcomm Customer under the 2004 Samsung/Qualcomm license agreement, however, Apple must have purchased the chipsets at issue from Qualcomm and integrated them into the devices it sells to the public.[3]  Thus, the chain of distribution from Qualcomm to Apple is a central issue in the Apple/Samsung Litigation.

Second, Samsung seeks a specific portion of the source code related to ETSI 3GPP Technical Specification (section 9.2.2.5 and 9.2.2.8 of TS 25.322 V6.9.0) and used in Qualcomm's chipsets that were incorporated into the iPhone 4S.  This source code is critical for Samsung to prove its infringement claim against Apple in the Apple/Samsung Litigation.

Samsung's application should be granted for the same reasons that Apple's 1782 Application was granted.  Specifically, section 1782's three statutory requirements are satisfied because: (1) this application is filed in "the district in which [Qualcomm] resides," (2) Samsung seeks the discovery "for use in a proceeding in a foreign . . . tribunal," and (3) Samsung, as a party to those foreign proceedings, qualifies as an "interested person" for purposes of 1782.

Furthermore, each of the factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), which are used to guide courts' discretion in analyzing applications under section 1782, militate in favor of granting Samsung's request.  **First**, Qualcomm is not a participant in the foreign proceedings.  **Second**, the foreign jurisdictions at issue are receptive to the type of discovery sought by Samsung, the discovery provides key information for the foreign proceedings, and the request is not made to circumvent any limitation

---

[3] Although the definition of "Qualcomm Customer" changed in a 2009 Samsung/Qualcomm license agreement, the parties dispute whether the 2009 definition replaces the definition contained in the 2004 license agreement.

on discovery imposed by the foreign courts. ***Third***, Samsung's request is not an attempt to circumvent foreign proof-gathering restrictions or other policies regarding discovery. ***Finally***, Samsung's request is not unduly intrusive or burdensome; to the contrary, it is narrowly tailored and seeks only highly-relevant documents necessary to the Apple/Samsung Litigation.

For each of these reasons, and particularly because identical relief previously was granted to Apple, Samsung respectfully requests that the Court grant the instant application and allow Samsung to serve a subpoena for the documents described in paragraphs 7 and 8 of, and attached as Exhibit 2 to, the Amended Declaration of Dylan Ruga filed concurrently herewith.

## II. FACTUAL BACKGROUND

The Apple/Samsung Litigation currently is comprised of the following cases pending in the following foreign jurisdictions:

- Case Nos. 7 O 166/11, 7 O 325/11 and 7 O 326/11, pending in the Mannheim Regional Court, Mannheim, Germany (the "German Actions");
- Case Nos. 2011 (Yo) 22027, 2011 (Yo) 22028, and 2011 (Yo) 22098, pending in the Tokyo District Court, Tokyo, Japan (the "Japanese Actions");
- Case Nos. VRO 2011/2213, VRO 2011/2215 and VRO 2011/2212, pending in the District Court of The Hague (the "Dutch Actions");
- Case No. 2011Gahap39552, pending in the Seoul Central District Court, Seoul, South Korea ("the Korean Actions");
- Case No. 11/10464 pending in the Paris Civil Court, Paris, France (the "French Action");
- Case No. 45629/11, pending in the Court of Milan – IP Chamber, Milan, Italy (the "Italian Action");
- Case No. HC 11 C 02180, pending in the High Court of Justice,

> Chancery Division, Patents Court, London, United Kingdom (the "British Action"); and

- Case No. (P) NSD 1243 of 2011, pending in the Federal Court of Australia, New South Wales, General Division (the "Australian Action").

Amended Declaration of Dylan Ruga ("Am. Ruga Decl."), ¶ 3.

In each of the foregoing foreign proceedings, Samsung alleges that Apple has infringed certain patents that relate to technology embodied in chipsets used in Apple's iPhones and iPads. As explained above, one of Apple's primary defenses is that it is entitled to use the chipsets at issue because it is a "Qualcomm Customer" as that term is defined in certain license agreements between Samsung and Qualcomm. Resolution of this issue likely will depend, in large part, on whether Apple purchased the chipsets at issue directly from Qualcomm and integrated them into its consumer devices or, alternatively, whether Apple received consumer devices from an intermediary that received the chipsets from Qualcomm and integrated them into Apple's consumer devices.

## III.   LEGAL STANDARD

28 U.S.C. § 1782 provides, in relevant part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

There are three statutory requirements, and four discretionary factors, for a court to evaluate when determining whether to grant relief under 28 U.S.C. § 1782. The statutory requirements are satisfied where: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made. (2) the discovery is for use in a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested

1  person." *In re the Republic of Ecuador*, 2011 WL 4434816, at *2 (N.D. Cal. Sept.
2  23, 2011).
3      The four discretionary factors are: "(1) whether the person from whom
4  discovery is sought is a participant in the foreign proceedings; (2) the nature and
5  character of the foreign proceedings and whether they will be receptive to the
6  court's assistance; (3) whether the discovery is an attempt to circumvent foreign
7  proof-gathering restrictions; and (4) whether the discovery will be unduly intrusive
8  or burdensome." *Id*.; *Intel*, 542 U.S. at 264-65.

9  **IV.** **DISCUSSION**
10     **A.**     **Each of Section 1782's Statutory Requirements is Satisfied**
11     This Court previously found that Apple's 1782 Application satisfied each of
12 the three statutory requirements. RJN, Ex. A. For the same reasons, there cannot
13 be any serious dispute that Samsung's application also satisfies these requirements.
14     First, the person from whom discovery is sought—Qualcomm—"resides or
15 is found" in this District because Qualcomm's principal place of business is at
16 5775 Morehouse Drive, San Diego, California, which is located within this judicial
17 district. Am. Ruga Decl., ¶ 4, Ex. 1.
18     Second, the discovery is for use in a foreign tribunal because it will be used
19 in the Apple/Samsung Litigation in connection with Samsung's affirmative
20 infringement claims, as well as Apple's defense that it is a "Qualcomm Customer"
21 as that term is defined in certain license agreements between Samsung and
22 Qualcomm. Am. Ruga Decl., ¶ 6. As Apple noted in Apple's 1782 Application,
23 each of the cases in the Apple/Samsung Litigation is pending in a foreign
24 "tribunal" for purposes of 1782. *See, e.g., Marubeni Am. Corp. v. LBA YK.*, 335
25 Fed. App'x. 95, 97-98 (2d Cir. 2009) (permitting discovery for use in "Japanese
26 District Court in Tokyo"); *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124
27 HRL, 2009 U.S. Dist. LEXIS 3416, at *1,5 (N.D. Cal. Jan. 13,2009) (permitting
28 discovery for use in patent infringement suit pending in "Dusseldorf Regional

Court in Germany"); *In re Qwest Commcns. Int'l Inc.*, No. 08-93, 2008 U.S. Dist. LEXIS 115845, at *1,8,15 (W.D.N.C. July 10,2008) (permitting discovery for proceeding in "Amsterdam District Court" and noting that "courts have routinely held that the courts of the Netherlands are 'tribunals' under Section 1782"); *In re Sveaas*, 249 F.R.D. 96, 108 (S.D.N.Y. 2008) (permitting discovery for use in cases pending in "Court of Paris"); *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 39-41 (2d Cir. 1996) (permitting discovery for use in bankruptcy proceeding in "Court of Milan"); *In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 WL 1526070, at *2 (April 8, 2010 N.D. 111.) (venue for commercial dispute in United Kingdom "qualifies as a foreign or international tribunal") (internal quotation mark omitted); *Beluga Shipping GMBH v. Suzlon Energy Ltd.*, Case No.1 0-80034 JW, 2010 U.S. Dist. LEXIS 104705, at *8 (Sept. 23,2010) (permitting section 1782 discovery for use in an Australian proceeding).

Finally, Samsung is an "interested person" for purposes of section 1782 because it is a named party in the Apple/Samsung Litigation. *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782.").

It follows that Samsung satisfies each of the three statutory requirements for an application under 28 U.S.C. § 1782.

### B. Each of the Four Discretionary Factors Militates in Favor of Granting Samsung's Application

The Court previously found that each the discretionary factors weighed in favor of Apple's 1782 Application. It follows that the same conclusion should be reached here but, in the interest of completeness, Samsung will address each factor in turn.

The first factor (whether the person from whom discovery is sought is a participant in the foreign proceedings) favors Samsung because it is undisputed that Qualcomm is *not* a party in the Apple/Samsung Litigation. Am. Ruga Decl., ¶

5.

The second factor (the nature and character of the foreign proceedings and whether they will be receptive to the court's assistance) also favors Samsung because the foreign proceedings involve claims of patent infringement. The discovery sought by Samsung, which relates both to Samsung's claims of infringement, as well as one of Apple's primary alleged affirmative defenses to infringement, therefore is critical. *See London v. Does,* 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery where proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG,* 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under section 1782). As the Court noted in its order granting Apple's 1782 Application, the jurisdictions at issue here are receptive to the use of discovery obtained through section 1782.[4]  RJN, Ex. A.

The third factor (whether the discovery is an attempt to circumvent foreign proof-gathering restrictions) favors Samsung because Samsung is not aware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through section 1782. Tellingly, neither the Court nor Apple identified any such restrictions in connection with Apple's 1782 Application, which sought similar documents from Qualcomm to be used in the same foreign tribunals. RJN, Exs. A & B.

The final factor (whether the discovery will be unduly intrusive or burdensome) also favors Samsung because its proposed discovery is limited in

---

[4] *See e.g., Heraeus Kulzer,* 633 F.3d at 597 (Germany); *Cryolife,* 2009 U.S. Dist. LEXIS 3416, at *8-9 (same); *Marubeni,* 335 Fed. App'x. at 98 (Japan); *In re Letters Rogatory from the Tokyo District Prosecutor's Office,* 16 F.3d 1016, 1020-21 (9th Cir. 1994) (same); *In re Roche Nederland B.V.,* No. 11-0017, slip op. at 1 (M.D. Tenn. May 12,2011) (Selwyn DecI. Ex. B) (Netherlands); *Qwest,* 2008 U.S. Dist. LEXIS 115845, at *12-13 (same); *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095,1097, 1101 (2d Cir. 1995) (France); *Lancaster Factoring,* 90 F.3d at 42 (Italy); *IKB Deutsche Industriebank,* 2010 WL 1526070, at *4 (United Kingdom); *In re Request for Judicial Assistance .from the Seoul District Criminal Court,* 428 F. Supp. 109, 111, 114 (N.D. Cal. 1977), *aff'd,* 555 F.2d 720 (9th Cir. 1977) (South Korea); *see also In re Procter & Gamble Co.,* 334 F. Supp. 2d 1112, 1115-16 (United Kingdom, France, The Netherlands, Gennany, and Japan); *Beluga Shipping,* 2010 U.S. Dist. LEXIS 104705, at *8 (Australia).

1  scope and is intended to target only critical documents that are at the heart of the
2  parties' dispute in the Apple/Samsung Litigation.  Specifically, Samsung seeks
3  copies of Qualcomm's supply agreements with respect to the specific chipsets at
4  issue and correspondence with Apple related to those agreements.  As noted above,
5  these documents are directly relevant to one of Apple's primary alleged defenses.
6  Samsung also seeks limited, specific portions of the source code used in
7  Qualcomm's chipsets that were incorporated into the iPhone 4S.  This source code
8  is critical to support Samsung's claim that Apple has infringed Samsung's patents.
9  The universe of responsive documents should be relatively small and not unduly
10 burdensome, particularly for a company with Qualcomm's resources.
11       In sum, each of the four discretionary factors militates in favor of granting
12 Samsung's section 1782 application.
13       **C.    The Court Should Exercise its Discretion to Grant Samsung's**
14             **Section 1782 Application Because Doing So Will Promote**
15             **Efficient Discovery**
16       Samsung is not going on a "fishing expedition," nor does it wish to harass
17 Qualcomm.  *Cf.* RJN, Ex. A (granting Apple's 1782 Application because, among
18 other things, "[t]here is nothing at this point that leads the Court to believe Apple's
19 request is a 'fishing expedition' or intended to be a vehicle for harassment.").  To
20 the contrary, Samsung seeks to streamline discovery in the Apple/Samsung
21 Litigation by requesting these highly-relevant documents only once, rather than
22 issuing duplicative requests in each of the foreign litigations.  *See Proctor &*
23 *Gamble*, 334 F. Supp.2d at 1115 (observing that it would be inefficient to require a
24 party in patent infringement actions in Germany, Japan, the Netherlands, France
25 and the United Kingdom "to seek the same discovery" in each jurisdiction).
26 Accordingly, Samsung respectfully requests that the Court exercise its discretion
27 and grant the instant application so that Samsung can obtain the requested
28 documents from Qualcomm.

## V. CONCLUSION

Through the instant application, Samsung seeks a narrow set of highly-relevant documents that go to the heart of the claims and defenses asserted by the parties in the Apple/Samsung Litigation. Each of section 1782's statutory requirements is satisfied, and each of the *Intel* discretionary factors strongly militates in favor of granting the application. For these reasons, and particularly because the Court previously granted Apple's 1782 Application, which sought similar documents from Qualcomm for use in the same Apple/Samsung Litigation, Samsung respectfully requests that the Court grant its application.

Dated: January 20, 2012

STEPTOE & JOHNSON LLP
CHARLES F. SCHILL
DYLAN RUGA

By: /s/ Dylan Ruga
DYLAN RUGA
Attorneys for Samsung Electronics Co., Ltd.