1  Michael R. Heimbold (SBN 173981)
   mheimbold@steptoe.com
2  Dylan Ruga (SBN 235969)
   druga@steptoe.com
3  Steptoe & Johnson LLP
   2121 Avenue of the Stars, Suite 2800
4  Los Angeles, California 90067
   Telephone: (310) 734-3200
5  Facsimile: (310) 734-3229
6
   Attorneys for Applicant
7  SAMSUNG ELECTRONICS CO., LTD.
8
                    **UNITED STATES DISTRICT COURT**
9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 | *In re* Ex Parte Application of | Case No. 3:12-cv-80-IEG-WMC
12 |
13 | SAMSUNG ELECTRONICS CO., LTD. | **SAMSUNG ELECTRONICS CO., LTD.'S SECOND EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
14 | Applicant,
15 |
16 | For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Inc. for Use in Foreign Proceedings.
17 |
18 |
19 |
20 | | [Declaration of Dylan Ruga and Request for Judicial Notice filed, and [Proposed] Order lodged, concurrently herewith]
21 |
22 |
23
24
25
26
27
28

SAMSUNG'S SECOND EX PARTE APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

## MEMORANDUM OF POINTS AND AUTHORITIES

This is the third application brought under 28 U.S.C. § 1782 for leave to obtain certain documents from Qualcomm Inc. ("Qualcomm") for use in foreign litigations between Apple[1] and Samsung Electronics Co., Ltd. ("Samsung") (the "Apple/Samsung Litigation").

The first application was filed by Apple on October 5, 2011, under case number 11-mc-1268-IEG (the "First 1782 Application"). The second application was filed by Samsung on January 9, 2012 under the instant case number (the "Second 1782 Application"). Both the First 1782 Application and the Second 1782 Application (collectively, the "Prior 1782 Applications") were granted.

The instant application (the second brought by Samsung), requests specific additional documents from Qualcomm that are highly relevant to the claims asserted by Samsung in the Apple/Samsung Litigation currently pending in Australia and Japan.

## I. INTRODUCTION

As explained in the Second 1782 Application, the Apple/Samsung Litigation currently is pending in eight countries around the world, not including the United States. The primary issue in those proceedings is whether Apple's products infringe patents held by Samsung and, if so, whether Apple has any valid defenses to infringement. Under 28 U.S.C. § 1782, interested parties, such as Samsung, may obtain discovery for use in foreign litigations from companies located within the United States.

In the Second 1782 Application, Samsung sought the following two categories of documents from Qualcomm:

---

[1] "Apple" means Apple Inc.; Apple GmbH; Apple Retail Germany GmbH; Apple Japan, LLC; Apple Sales International; Apple Holding B.V.; Apple Benelux B.V.; Apple Netherlands B.V.; Apple Retail Netherlands B.V.; Apple Korea Ltd.; Apple France; Apple Retail France; Apple Italia s.r.l.; Apple Retail UK Limited; and Apple Pty Limited.

1

- Supply agreements for chipsets[2] that were manufactured by Qualcomm and incorporated into the Apple iPhone 4S, as well as correspondence between Qualcomm and Apple related to the supply of those chipsets; and
- A specific portion of the source code used in Qualcomm's chipsets that were incorporated into the iPhone 4S, for use in the Apple/Samsung Litigation pending in Japan.

After this Court granted the Second 1782 Application, Samsung's counsel worked with Qualcomm's counsel to obtain these documents. Through the instant application, Samsung seeks the following additional documents from Qualcomm:

- Similar source code and design files for Qualcomm's chipsets incorporated into the iPhone 4S, but for use in the Apple/Samsung Litigation pending in Australia; and
- A specific portion of the source code used in Qualcomm's chipsets that were incorporated into the current (third) generation of the iPad, for use in the Apple/Samsung Litigation pending in Japan.

Declaration of Dylan Ruga, filed concurrently herewith ("Ruga Decl."), at ¶ 6.

The instant application should be granted for the same reasons that the Prior 1782 Applications were granted. Specifically, section 1782's three statutory requirements are satisfied because: (1) this application is filed in "the district in which [Qualcomm] resides," (2) Samsung seeks the discovery "for use in a proceeding in a foreign . . . tribunal," and (3) Samsung, as a party to those foreign proceedings, qualifies as an "interested person" for purposes of 1782.

Furthermore, each of the factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), which are used to

---

[2] A chipset is a group of integrated circuits that are designed to work together.

guide courts' discretion in analyzing applications under section 1782, militate in favor of granting Samsung's request. ***First***, Qualcomm is not a participant in the foreign proceedings. ***Second***, this Court previously determined that the foreign jurisdictions at issue are receptive to the type of discovery sought by Samsung, the discovery provides key information for the foreign proceedings, and the request is not made to circumvent any limitation on discovery imposed by the foreign courts. ***Third***, Samsung's request is not an attempt to circumvent foreign proof-gathering restrictions or other policies regarding discovery. ***Finally***, Samsung's request is not unduly intrusive or burdensome; to the contrary, it is narrowly tailored and seeks only highly-relevant documents necessary to the Apple/Samsung Litigation.

For each of these reasons, and particularly because similar relief previously was granted with respect to the Prior 1782 Applications, Samsung respectfully requests that the Court grant the instant application and allow Samsung to serve a subpoena for the documents described in paragraphs 6 of, and attached as Exhibit 2 to, the Declaration of Dylan Ruga filed concurrently herewith.

## II.   FACTUAL BACKGROUND

The Apple/Samsung Litigation currently is comprised of the following cases pending in the following foreign jurisdictions:

- Case Nos. 7 O 166/11, 7 O 325/11 and 7 O 326/11, pending in the Mannheim Regional Court, Mannheim, Germany (the "German Actions");
- Case Nos. 2011 (Yo) 22027, 2011 (Yo) 22028, 2011 (Yo) 22082, 2011 (Yo) 22098, and 2012 (Yo) 22057 pending in the Tokyo District Court, Tokyo, Japan (the "Japanese Actions");
- Case Nos. VRO 2011/2213, VRO 2011/2215 and VRO 2011/2212, pending in the District Court of The Hague (the "Dutch Actions");
- Case No. 2011Gahap39552, pending in the Seoul Central District Court, Seoul, South Korea ("the Korean Actions");

- Case No. 11/10464 pending in the Paris Civil Court, Paris, France (the "French Action");
- Case No. 45629/11, pending in the Court of Milan – IP Chamber, Milan, Italy (the "Italian Action");
- Case No. HC 11 C 02180, pending in the High Court of Justice, Chancery Division, Patents Court, London, United Kingdom (the "British Action"); and
- Case No. (P) NSD 1243 of 2011, pending in the Federal Court of Australia, New South Wales, General Division (the "Australian Action").

Ruga Decl., ¶ 3.

In each of the foregoing foreign proceedings, Samsung alleges that Apple has infringed certain patents that relate to technology embodied in chipsets used in Apple's iPhones and iPads. The source code requested from Qualcomm thought the instant application is highly relevant and necessary for Samsung's affirmative infringement claims. Ruga Decl., ¶ 7.

### III. LEGAL STANDARD

28 U.S.C. § 1782 provides, in relevant part, as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

There are three statutory requirements, and four discretionary factors, for a court to evaluate when determining whether to grant relief under 28 U.S.C. § 1782. The statutory requirements are satisfied where: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made. (2) the discovery is for use in a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested

person." *In re the Republic of Ecuador*, 2011 WL 4434816, at *2 (N.D. Cal. Sept. 23, 2011).

The four discretionary factors are: "(1) whether the person from whom discovery is sought is a participant in the foreign proceedings; (2) the nature and character of the foreign proceedings and whether they will be receptive to the court's assistance; (3) whether the discovery is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the discovery will be unduly intrusive or burdensome." *Id.*; *Intel*, 542 U.S. at 264-65.

## IV. DISCUSSION

### A. Each of Section 1782's Statutory Requirements is Satisfied

This Court previously found that the Prior 1782 Applications satisfied each of the three statutory requirements. Request for Judicial Notice ("RJN"), filed concurrently herewith, at Exs. A & B. For the same reasons, there cannot be any serious dispute that the instant application also satisfies these requirements.

First, the person from whom discovery is sought—Qualcomm—"resides or is found" in this District because Qualcomm's principal place of business is at 5775 Morehouse Drive, San Diego, California, which is located within this judicial district. Ruga Decl., ¶ 4, Ex. 1.

Second, the discovery is for use in a foreign tribunal because it will be used in the Apple/Samsung Litigation in connection with Samsung's affirmative infringement claims. Ruga Decl., ¶ 7. As noted in the Prior 1782 Applications, each of the cases in the Apple/Samsung Litigation is pending in a foreign "tribunal" for purposes of 1782. *See, e.g., Marubeni Am. Corp. v. LBA YK.*, 335 Fed. App'x. 95, 97-98 (2d Cir. 2009) (permitting discovery for use in "Japanese District Court in Tokyo"); *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1,5 (N.D. Cal. Jan. 13, 2009) (permitting discovery for use in patent infringement suit pending in "Dusseldorf Regional Court in Germany"); *In re Qwest Commcns. Int'l Inc.*, No. 08-93, 2008 U.S. Dist.

LEXIS 115845, at *1,8,15 (W.D.N.C. July 10,2008) (permitting discovery for proceeding in "Amsterdam District Court" and noting that "courts have routinely held that the courts of the Netherlands are 'tribunals' under Section 1782"); *In re Sveaas*, 249 F.R.D. 96, 108 (S.D.N.Y. 2008) (permitting discovery for use in cases pending in "Court of Paris"); *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 39-41 (2d Cir. 1996) (permitting discovery for use in bankruptcy proceeding in "Court of Milan"); *In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 WL 1526070, at *2 (April 8, 2010 N.D. Ill.) (venue for commercial dispute in United Kingdom "qualifies as a foreign or international tribunal") (internal quotation mark omitted); *Beluga Shipping GMBH v. Suzlon Energy Ltd.*, Case No.10-80034 JW, 2010 U.S. Dist. LEXIS 104705, at *8 (Sept. 23,2010) (permitting section 1782 discovery for use in an Australian proceeding).

Finally, Samsung is an "interested person" for purposes of section 1782 because it is a named party in the Apple/Samsung Litigation. *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782.").

It follows that Samsung satisfies each of the three statutory requirements for an application under 28 U.S.C. § 1782.

**B.    Each of the Four Discretionary Factors Militates in Favor of Granting Samsung's Application**

The Court previously found that each the discretionary factors weighed in favor of the Prior 1782 Applications. RJN, Exs. A & B.  It follows that the same conclusion should be reached here but, in the interest of completeness, Samsung will address each factor in turn.

The first factor (whether the person from whom discovery is sought is a participant in the foreign proceedings) favors Samsung because it is undisputed that Qualcomm is *not* a party in the Apple/Samsung Litigation. Ruga Decl., ¶ 5.

The second factor (the nature and character of the foreign proceedings and

whether they will be receptive to the court's assistance) also favors Samsung because the foreign proceedings involve claims of patent infringement. The discovery sought by Samsung, which relates to Samsung's claims of infringement, therefore is critical. *See London v. Does,* 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery where proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG,* 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under section 1782). As the Court noted in its order granting Apple's 1782 Application, the jurisdictions at issue here are receptive to the use of discovery obtained through section 1782.[3] RJN, Ex. A.

      The third factor (whether the discovery is an attempt to circumvent foreign proof-gathering restrictions) favors Samsung because Samsung is not aware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through section 1782. Tellingly, neither the Court nor Apple identified any such restrictions in connection with the Prior 1782 Applications, which sought similar documents from Qualcomm to be used in the same foreign tribunals. RJN, Exs. A & B.

      The final factor (whether the discovery will be unduly intrusive or burdensome) also favors Samsung because its proposed discovery is limited in scope and is intended to target only critical documents that are at the heart of the parties' dispute in the Apple/Samsung Litigation. Specifically, Samsung seeks: (1) source code and design files related to Qualcomm's chipsets incorporated into the

---

[3] *See e.g., Heraeus Kulzer,* 633 F.3d at 597 (Germany); *Cryolife,* 2009 U.S. Dist. LEXIS 3416, at *8-9 (same); *Marubeni,* 335 Fed. App'x. at 98 (Japan); *In re Letters Rogatory from the Tokyo District Prosecutor's Office,* 16 F.3d 1016, 1020-21 (9th Cir. 1994) (same); *In re Roche Nederland B.V.,* No. 11-0017, slip op. at 1 (M.D. Tenn. May 12, 2011) (Selwyn Decl. Ex. B) (Netherlands); *Qwest,* 2008 U.S. Dist. LEXIS 115845, at *12-13 (same); *Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (France); *Lancaster Factoring,* 90 F.3d at 42 (Italy); *IKB Deutsche Industriebank,* 2010 WL 1526070, at *4 (United Kingdom); *In re Request for Judicial Assistance from the Seoul District Criminal Court,* 428 F. Supp. 109, 111, 114 (N.D. Cal. 1977), *aff'd,* 555 F.2d 720 (9th Cir. 1977) (South Korea); *see also In re Procter & Gamble Co.,* 334 F. Supp. 2d 1112, 1115-16 (United Kingdom, France, The Netherlands, Germany, and Japan); *Beluga Shipping,* 2010 U.S. Dist. LEXIS 104705, at *8 (Australia).

iPhone 4S in Australia, which is similar to the source code for Qualcomm chipsets incorporated into the iPhone 4S in Japan that was previously provided by Qualcomm; and (2) source code related to Qualcomm's chipsets incorporated into the current (third) generation iPad. Ruga Decl., ¶ 6. As noted above, this source code is critical to support Samsung's claim that Apple has infringed Samsung's patents. The universe of responsive documents should be relatively small and not unduly burdensome, particularly for a company with Qualcomm's resources.

In sum, each of the four discretionary factors militates in favor of granting Samsung's section 1782 application.

### C. The Court Should Exercise its Discretion to Grant Samsung's Section 1782 Application Because Doing So Will Promote Efficient Discovery

Samsung is not going on a "fishing expedition," nor does it wish to harass Qualcomm. To the contrary, Samsung simply seeks to streamline discovery in the Apple/Samsung Litigation. Accordingly, Samsung respectfully requests that the Court exercise its discretion and grant the instant application so that Samsung can obtain the requested documents from Qualcomm.

///

///

///

SAMSUNG'S SECOND EX PARTE APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

## V. **CONCLUSION**

Through the instant application, Samsung seeks a narrow set of highly-relevant documents that go to the heart of the claims asserted by Samsung in the Apple/Samsung Litigation. Each of section 1782's statutory requirements is satisfied, and each of the *Intel* discretionary factors strongly militates in favor of granting the application. For these reasons, and particularly because the Court previously granted the Prior 1782 Applications, which sought similar documents from Qualcomm for use in the same Apple/Samsung Litigation, Samsung respectfully requests that the Court grant the instant application.

Dated: August 28, 2012                     STEPTOE & JOHNSON LLP


                                           By:    /s/ Dylan Ruga
                                                  DYLAN RUGA
                                           Attorneys for Samsung Electronics Co., Ltd.